Michael W. Malter, Esq. ID #96533
Robert G. Harris, Esq. ID #124678
Julie H. Rome-Banks, Esq. ID #142364
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408) 295-1700
Facsimile: (408) 295-1531
Email: Michael@bindermalter.com
Email: Rob@bindermalter.com
Email: Julie@bindermatler.com

Attorneys for Debtors and Debtors-in-possession
FRE 355 Investment Group, LLC and Mora House, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re: <br><br> FRE 355 INVESTMENT GROUP, LLC, dba FRE 355, <br><br> Debtor. | Case No. 20-50628-SLJ <br><br> Cases Jointly Administered <br><br> Chapter 11 |
| In re <br><br> MORA HOUSE, LLC, <br><br> Debtor. | Case No. 20-50631-SLJ <br><br> Chapter 11 <br><br> DISCLOSURE HEARING: <br><br> Date: September 3, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 11 (telephonic) |

**DEBTORS' PLAN OF REORGANIZATION**
**(JULY 10, 2020)**

# TABLE OF CONTENTS

I. DEFINITIONS ........................................................................................................... 1

II. TREATMENT OF UNCLASSIFIED CLAIMS ................................................... 2

III. TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS ........................ 3

    A. Classes under Plan and Voting Rights Summary ...................................... 3

    B. Treatment of Claims .................................................................................. 4

    Class 1A – Blanchard Trust ................................................................................ 4

    Class 1B – S&R .................................................................................................. 4

    Class 1C – Department of Tax & Collections .................................................... 5

    Class 2A – S&R .................................................................................................. 5

    Class 2B – Department of Tax & Collections .................................................... 5

    Class 2C – EPS Plumbing .................................................................................. 6

    Class 3A – FRE 355 General Unsecured Claims ............................................... 6

    Class 3B – Mora House LLC General Unsecured Claims ................................. 6

    Class 4A – Equity Interests in FRE 355 ............................................................. 7

    Class 4B – Equity Interests in Mora House LLC ............................................... 7

IV. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ............................ 7

    A. Assumption and Rejection ......................................................................... 7

        1. Contract Assumed. .......................................................................... 7

        2. Rejection of All Other Contracts Not Assumed. ............................ 7

        3. Claims Arising Out of Rejection. ................................................... 7

V. MEANS OF EXECUTION. .................................................................................... 7

    A. Reorganized Debtors. ................................................................................. 7

    B. Marketing and Sale of Mora House and Mora Lot. ................................... 8

    C. Effect of Failure to Close Sale. .................................................................. 8

    D. Effective Date Distribution. ....................................................................... 8

    E. Funding and Operation of Disputed Claims Reserve. ............................... 9

    F. Distributions Generally. ............................................................................. 9

| | | | |
|---|---|---|---|
| 1 | | G. Powers of Reorganized Debtor. | 11 |
| 2 | VI. | EFFECT OF CONFIRMATION OF PLAN | 12 |
| 3 | | A. Confirmation Injunction. | 12 |
| 4 | | B. Binding Effect. | 12 |
| 5 | VII. | RETENTION OF JURISDICTION | 12 |
| 6 | VIII. | GENERAL PROVISIONS | 14 |
| 7 | | A. Preservation of Causes of Action. | 14 |
| 8 | | B. Cramdown. | 14 |
| 9 | | C. Severability. | 14 |
| 10 | | D. Governing Law. | 14 |
| 11 | | E. Notices. | 14 |
| 12 | | F. Post-Confirmation United States Trustee Fees. | 15 |
| 13 | | G. Modification of Plan. | 15 |
| 14 | | H. Withdrawal or Revocation of Plan. | 16 |
| 15 | | I. Failure of Effective Date. | 16 |
| 16 | | J. Post-Effective Date Notices. | 16 |
| 17 | | K. Plan Controls. | 16 |
| 18 | | L. Applicable Law. | 16 |
| 19 | | M. Implementation Orders. | 16 |

Debtors and debtors-in-possession FRE 355 Investment Group, LLC, dba FRE 355 and Mora House, LLC (collectively, the "Debtors") hereby propose their Chapter 11 Plan pursuant to section 1121 of the Bankruptcy Code. The Debtors are the proponents of this Plan within the meaning of section 1129 of the Bankruptcy Code.

## I. DEFINITIONS

Terms used in this Plan or the Disclosure Statement that are defined in the Bankruptcy Code or Bankruptcy Rules have the meaning assigned to them in the Bankruptcy Code and Rules.

1. *"Addendum to Promissory Note"* means that Addendum to Promissory Note Loan #10536 between S&R and FRE 355, dated December 11, 2018, which grants S&R an additional deed of trust collateralized by the Mora Lot and provides that "Lender shall release the real property interest in said property for a principal reduction of Five Hundred Thousand dollars ($500,000)."

2. *"Administrative Claims Bar Date"* means November 1, 2020.

3. *"Avoidance Actions"* means any actions commenced or that may be commenced before or after the Effective Date arising under Bankruptcy Code sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 or 553, or under related state, federal, or foreign statutes and common law, including, without limitation fraudulent transfer laws.

4. *"Blanchard Trust"* means Richard and Esther Blanchard, Trustees of the Richard and Esther Blanchard 1990 Trust dated 10/1/1990.

5. *"Disputed Claim Reserve"* means cash withheld by the Debtors to pay any claims that are disputed, contingent or unliquidated and as to which no order sustaining an objection thereto has been entered or as to which no order estimating such claim for purposes of voting and distribution has been entered as of the Effective Date.

6. *"Effective Date"* means the sixtieth day following the date of the entry of the order of confirmation of the Plan if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtors may waive the finality requirement and put the Plan into effect unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been

issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7. *"**Effective Date Distribution**"* means distribution on the Effective Date of the following: (a) 100% of allowed administrative claims without interest and (b) the first monthly payment to the Franchise Tax Board on account of its priority tax claim as described in Article II of this Plan.

8. *"**Extended Marketing Period**"* means the six-month period following the Initial Marketing Period for the Debtors to close a sale of the Mora House and Mora Lot.

9. *"**FRE 355**"* means FRE 355 Investment Group, LLC, dba FRE 355.

10. *"**Initial Marketing Period**"* means the six-month period after the Effective Date the Debtors have to close a sale of the Mora House and Mora Lot.

11. *"**Mora House**"* means the improved real property located at 10718 Mora Drive Los Altos, California 94024, Parcel No. 331-14-066 consisting of residence with 9,677 square feet of livable space and 6 bedrooms.

12. *"**Mora Lot**"* means the vacant land situated in Los Altos, California, Parcel No. 331-14-067, 1.4512 acres, Lot No. 3 adjacent to the Mora House.

13. *"**Reorganized Debtors**"* means the Debtors following entry of an order confirming the Plan.

14. *"**S&R**"* means S&R Income Fund I, LP, by and through Platinum Loan Servicing, Inc.

## II. TREATMENT OF UNCLASSIFIED CLAIMS

<u>Unsecured Priority Tax Claims</u>

The State of California Franchise Tax Board ("FTB") filed a claim for unsecured priority taxes in the amount of $3,442.75 in the bankruptcy case of Mora House, LLC. This creditor will receive equal payments of $60 per month until sales of the Mora House and Mora Lot close, at which time the balance of FTB's priority tax claim will be paid in full with statutory interest.

///

///

DEBTORS' PLAN OF REORGANIZATION (JULY 10, 2020) Page 2
Case: 20-50628    Doc# 64    Filed: 07/10/20    Entered: 07/10/20 14:47:22    Page 5 of 20

Non-Professional Ordinary Course Administrative Expense Claims

The Debtors will pay non-professionals who hold administrative expense claims in the ordinary course as and when such amounts are due unless they agree to a different treatment.

Professional Fees

The Debtors will pay holders of allowed professional administrative expense claims approved by the Bankruptcy Court in cash on the Effective Date Distribution unless they agree to a different treatment.

Applications for compensation are to be filed within 60 days after the Effective Date unless the Debtors agree in writing to an extension of that deadline which extension agreement is then filed with the Court, except for the real estate broker appointed on behalf of the Debtor who shall request approval of compensation in connection with the sale of the Mora House and/or Mora Lot.

After the Effective Date and except as provided herein, the Debtors may incur and pay professional fees in the ordinary course without notice or court approval.

Statutory U.S. Trustee Fees

The Debtors will pay all fees owed to the United States Trustee pursuant to 28 U.S.C. §1930 within 15 days of billing by the United States Trustee after entry of an order confirming the Plan and as a condition thereof.

### III. TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**A. Classes under Plan and Voting Rights Summary**

| Class | Claimant | Secured/ Unsecured | Collateral | Impairment/ Voting |
|---|---|---|---|---|
| Class 1A | Blanchard Trust | Secured | Mora Lot | Impaired Entitled to vote |
| Class 1B | S&R | Secured | Mora Lot | Impaired Entitled to vote |
| Class 1C | Department of Tax & Collections | Secured | Mora Lot | Impaired, entitled to vote |
| Class 2A | S&R | Secured | Mora House | Impaired, entitled to vote |
| Class 2B | Department of Tax & Collections | Secured | Mora House | Impaired, entitled to vote |

| | | | | |
|---|---|---|---|---|
| Class 2C | EPS Plumbing | Secured | Mora House | Impaired, entitled to vote |
| Class 3A | FRE 355 General Unsecured Claims | Unsecured | N/A | Impaired, entitled to vote |
| Class 3C | Mora House LLC General Unsecured Claims | Unsecured | N/A | Impaired, entitled to vote |
| Class 4A | Equity Interests in FRE 355 | N/A | N/A | Unimpaired, deemed to accept |
| Class 4B | Equity Interests in Mora House LLC | N/A | N/A | Unimpaired, deemed to accept |

**B. Treatment of Claims**

**Class 1A – Blanchard Trust**

Class 1A consists of the first-priority secured claim of the Blanchard Trust against the Mora Lot in the filed amount of $2,441,801.23. Under the Plan, the Blanchard Trust shall retain its lien against the Mora Lot to the extent of its allowed claim. The Blanchard Trust shall receive a single payment equal to the allowed amount of its claim with contract rate interest and reasonable attorneys' fees six months after the Effective Date or at such time that the Mora Lot is sold, whichever is sooner; provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot, and (2) the Debtors shall have the Extended Marketing Period to sell Mora Lot and Mora House and six additional months to pay Blanchard Trust's Class 1B claim. The Blanchard Trust shall retain without modification the right to advance $500,000 under the Addendum to Promissory Note to cause the release of the S&R lien from the Mora Lot.

**Class 1B – S&R**

Class 1B consists of the second priority secured claim of the S&R against the Mora Lot in the scheduled amount of $12,113,909.20 including interest and foreclosure fees. Under the Plan, S&R shall retain its lien against the Mora Lot to the extent of its allowed claim. S&R shall receive a single payment equal to the allowed amount of its claim with contract rate interest and reasonable attorneys' fees six months after the Effective Date or at such time that the Mora Lot is sold, whichever is sooner; provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot,

and (2) the Debtors shall have the Extended Marketing Period to sell Mora Lot and Mora House and six additional months to pay S&R's Class 1B claim.

**Class 1C – Department of Tax & Collections**

Class 1C consists of the secured claim of the Department of Tax & Collections for unpaid real property taxes secured against the Mora Lot in the amount of $113,837.60. Under the Plan, the Department of Tax & Collections shall retain its lien against the Mora Lot to the extent of its allowed claim. The Department of Tax & Collections shall receive a single payment equal to the allowed amount of its claim with statutory interest six months after the Effective Date or at such time that the Mora Lot is sold, whichever is sooner provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot, and (2) the Debtors shall have the Extended Marketing Period to sell Mora Lot and Mora House and six additional months to pay the Class 1C claim of the Department of Tax & Collections .

**Class 2A – S&R**

Class 2A consists of the first priority secured claim of the S&R against the Mora House in the scheduled amount of $12,113,909.20 including interest and foreclosure fees. Under the Plan, S&R shall retain its lien against the Mora House to the extent of its allowed claim. S&R shall receive a single payment equal to the allowed amount of its claim with contract rate interest and reasonable attorneys' fees six months after the Effective Date or at such time that the Mora House is sold, whichever is sooner; provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot, and (2) the Debtors shall have the Extended Marketing Parioer to sell Mora Lot and Mora House and six additional months to pay S&R's Class 2A claim.

**Class 2B – Department of Tax & Collections**

Class 2B consists of the secured claim of the Department of Tax & Collections secured against the Mora House in the filed amount of $255,298.22 for unpaid real property taxes. Under the Plan, the Department of Tax & Collections shall retain its lien against the Mora House to the extent of its allowed claim. The Department of Tax & Collections shall receive a single payment

equal to the allowed amount of its claim with statutory interest six months after the Effective Date or at such time that the Mora House is sold, whichever is sooner; provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot, and (2) the Debtors shall have the Extended Marketing Period to sell Mora Lot and Mora House and six additional months to pay the Class 2B claim of the Department of Tax & Collections.

**Class 2C – EPS Plumbing**

Class 2C consists of the secured claim of EBS Plumbing against the Mora House in the amount of $27,000. Under the Plan, EPS Plumbing shall retain its lien against the Mora House to the extent of its allowed claim. EPS Plumbing shall receive a single payment equal to the allowed amount of its claim with contract rate interest six months after the Effective Date or at such time that the Mora House is sold, whichever is sooner; provided, however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note then (1) S&R shall release its lien against the Mora Lot, and (2) the Debtors shall have the Extended Marketing Period to sell Mora Lot and Mora House and six additional months to pay the Class 2C claim of EPS Plumbing.

**Class 3A – FRE 355 General Unsecured Claims**

Class 3A consists of the claims of holders of general unsecured claims against FRE 355. Holders of allowed claims in this class will receive payment of the allowed amount of their claims, without interest, from the net proceeds from sale of the Mora House after the full payment of all secured and priority claims. Payment shall be made six months after the Effective Date, unless S&R receives a $500,000 principal paydown under the Addendum to Promissory Note, in which case payment shall be made twelve months after the Effective Date or at such time that the Mora House is sold, whichever is sooner.

**Class 3B – Mora House LLC General Unsecured Claims**

Class 3B consists of the claims of holders of general unsecured claims against Mora House, LLC. Holders of allowed claims in this class will receive a pro rata distribution on the allowed amount of their claims, without interest, from the net proceeds from sale of the Mora Lot after the full payment of all secured and priority claims. Payment shall be made six months after

the Effective Date, unless S&R receives a $500,000 principal paydown under the Addendum to Promissory Note, in which case payment shall be made twelve months after the Effective Date or at such time that the Mora Lot is sold, whichever is sooner.

**Class 4A – Equity Interests in FRE 355**

Melvin Vaughn will retain his equity interests in FRE 355 without impairment.

**Class 4B – Equity Interests in Mora House LLC**

Melvin Vaughn will retain his equity interests in Mora House, LLC without impairment.

## IV. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A. Assumption and Rejection

#### 1. Contract Assumed.

The Debtors assume, to the extent it is necessary, the Addendum to Promissory Note.

#### 2. Rejection of All Other Contracts Not Assumed.

All other executory contracts not (a) previously assumed, assigned or rejected pursuant to final order of the Bankruptcy Court entered prior to the Effective Date, or (b) not subject to a pending motion to assume, assign or reject filed with the Bankruptcy Court prior to the Effective Date, will be deemed rejected as of the Effective Date.

#### 3. Claims Arising Out of Rejection.

Any claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Bankruptcy Court by no later than 30 calendar days after the confirmation of the Plan. If no proof of claim is filed within such time period, it will be forever barred from receiving a distribution from estate assets.

## V. MEANS OF EXECUTION.

### A. Reorganized Debtors.

The Debtors, as the Reorganized Debtors shall, from and after confirmation of the Plan, continue as the representatives of their respective estates and succeed without further order to all right, title and interest in all estate assets and property pursuant to the terms of the Plan. The Debtors will be authorized and empowered to take all actions and measures necessary to implement and administer the Plan. The Debtors will conduct their business and operate from

confirmation and through and after substantial consummation of the Plan. The Debtors may continue to receive unsecured loans or equity advances from their sole member, Melvin Vaughn, to pay the Debtors' respective ongoing costs of operations until a sale of the Mora House and Mora Lot.

### B. Marketing and Sale of Mora House and Mora Lot.

The Debtors will advertise, show, market and sell the Mora House and Mora Lot and close sales thereof in the Initial Marketing Period, within 6 months of the Effective Date; provided however that if S&R receives a $500,000 principal paydown under the Addendum to Promissory Note, the Debtors will have 6 more months to close sales of both the Mora House and Mora Lot within the Extended Marketing Period. After the Effective Date, the Debtors may extend their listing agreements with Court appointed real estate broker, Phil Chen of Compass, without the need for Court approval, but shall seek Court approval as a condition to entering into listing agreements with any replacement broker.

### C. Effect of Failure to Close Sale.

In the event that sales of the Mora House and Mora Lot have not closed within Initial Marketing Period or the Extended Marketing Period in the event that the Addendum to Promissory Note has resulted in payment of $500,000 to S&R and release of its lien from the Mora Lot, all holders of secured claims shall have immediate relief to exercise their rights and foreclose their liens against their respective collateral without further order of the Bankruptcy Court. Any party may, following failure by the Debtors to close a sale of one or both of the Mora House and Mora Lot within the periods set forth above, request conversion of these bankruptcy cases to Chapter 7 by filing an explanatory declaration with the Bankruptcy Court, uploading a proposed form of order, and serving both with 10 days' notice and opportunity for hearing.

### D. Effective Date Distribution.

The Debtors will pay holders of allowed professional administrative expense claims in cash on the Effective Date Distribution or at such later dates as the Court approves unless they agree to a different treatment.

///

DEBTORS' PLAN OF REORGANIZATION (JULY 10, 2020) Page 8
Case: 20-50628   Doc# 64   Filed: 07/10/20   Entered: 07/10/20 14:47:22   Page 11 of 20

### E. Funding and Operation of Disputed Claims Reserve.

The Reorganized Debtors will create the Disputed Claims Reserve by establishing at the time of closing of sale of the Mora House and Mora Lot a separate bank account and depositing into it cash equal to the face amount of all claims that are disputed, contingent or unliquidated. No deposit is required for a claim as to which an order disallowing the claim has been entered. A deposit is only required up to the amount at which a claim has been estimated should Debtors seek and obtain an order of the bankruptcy court for estimation of a disputed claim. If a disputed claim becomes an allowed claim, the Reorganized Debtors will immediately distribute to the claimant from the Disputed Claims Reserve the amount of the allowed claim that it would have been entitled to receive had it been an allowed claim on the confirmation date. Any funds no longer needed in reserve shall be released for use according to the terms of the Plan.

### F. Distributions Generally.

#### 1. Best Efforts to Make Distributions.

The Reorganized Debtors will not be obligated to make any distribution if it is reasonably expected that the cost of such distribution would exceed the amount of cash on hand. The Reorganized Debtors will make continuing efforts to administer the estate assets, make timely distributions, and will not unduly prolong the duration of the Reorganized Debtor's appointment.

#### 2. Addresses for Delivery.

If any distribution to a holder of an allowed claim is returned as undeliverable, no further distributions will be made to such holder unless and until the Reorganized Debtors is notified in writing of such holder's then-current address, at which time all currently due and missed distributions will be made to such holder. Undeliverable distributions will remain in the possession of the Reorganized Debtors until such time as a distribution becomes deliverable or such distribution is cancelled.

#### 3. Delivery of Distributions.

Distributions may be delivered by first class mail, postage pre-paid. Mailings may be made to the address indicated on the latest notice of appearance or the latest proof of claim or

other paper filed by any of the foregoing in the Bankruptcy Court. Absent any such filing, the address set forth in the Debtor's schedules filed with the Bankruptcy Court may be used.

Distributions made in accordance with this provision will be deemed delivered whether actually received or not.

### 4. Disputed Distributions.

If any dispute arises as to the identity of a claimant who is to receive any distribution, the Reorganized Debtors may, in lieu of making such distribution to such holder, make such distribution into a segregated fund until the disposition thereof will be determined by Bankruptcy Court order or by written agreement among the interested parties to such dispute.

#### i. DeMinimis Distributions.

Notwithstanding any other provision of the Plan, Distributions of less than $50.00 need not be made on account of any Allowed Claim; provided, however, that Distributions that would otherwise be made but for this provision shall carry over to the next Distribution Date until the cumulative amount to which any holder of an Allowed Claim is entitled to is more than $50.00, at which time the cumulative amount of such Distributions will be paid to such holder.

#### ii. Withholding and Reporting Requirements.

Any foreign, federal, state or local withholding taxes or other amounts required to be withheld under applicable law will be deducted from any distributions hereunder. All claimants are required to provide any information necessary to withhold such taxes, including provision of a FEIN or SSN to the Reorganized Debtor. The Reorganized Debtors will be authorized to withhold distribution on such claims until the requisite information is received. If such information is not received within one hundred and twenty (120) calendar days after the relevant distribution date, distribution will be treated as unclaimed, and the claimant will forfeit its right to the distribution. All distributions under the Plan will be net of the actual and reasonable costs of making such distributions and of any allocable fees or other charges relating thereto.

### 5. Unclaimed Distributions.

If any distribution remains unclaimed for a period of one hundred and twenty (120) calendar days after the relevant distribution date, or any distribution check remains uncashed for

one hundred and twenty (120) calendar days after its issuance, the distribution will constitute an unclaimed distribution (hereafter referred to as an "Unclaimed Distribution"). Any uncashed check will be void, and the claimant will no longer be entitled to that distribution. Pursuant to Bankruptcy Code section 347(b), all right, title and interest in and the Unclaimed Distributions will immediately vest in the Debtors and be administered by the Reorganized Debtors pursuant to the terms of this Plan.

### G. Powers of Reorganized Debtor.

#### 1. Powers Generally and Power to Sue.

On the Effective Date, the Reorganized Debtors will be vested with all rights and powers of the Debtors under State and Federal law, including but not limited to the right to pursue all claims and causes of action that the Debtors have including avoidance actions, and any other causes of action, defenses, requests for subordination or recharacterization, or requests for any other equitable or legal relief that was or could have been asserted pre-petition by the Debtors against any party other than those which have been settled. The Reorganized Debtors may, on behalf of the Debtors, pursue, settle or release all such actions in accordance with the best interest of and for the benefit of the holders of allowed claims.

#### 2. Objections to and Estimation of Claims.

After the Effective Date, the Reorganized Debtors may file objections to claims. As to any claims arising from the rejection of an executory contract or unexpired lease pursuant to the Plan, the Reorganized Debtors may object within sixty (60) calendar days of the filing of any such claims. As to claims arising from the recovery of an avoidable transfer under chapter 5 of the Bankruptcy Code, the Reorganized Debtors may object within sixty (60) calendar days of the filing of any such claims.

#### 3. Settlements.

After the Effective Date the Reorganized Debtors will have the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment any objections to claims, including without limitation, any objections to claims filed by the Debtors prior to the Effective Date. The Reorganized Debtors will provide notice and opportunity for hearing of any settlement.

DEBTORS' PLAN OF REORGANIZATION (JULY 10, 2020) Page 11
Case: 20-50628   Doc# 64   Filed: 07/10/20   Entered: 07/10/20 14:47:22   Page 14 of 20

# VI. EFFECT OF CONFIRMATION OF PLAN

## A. Confirmation Injunction.

On and after date of confirmation of the Plan, except to enforce the terms and conditions of the Plan before the Bankruptcy Court or to implement the terms of the Plan, all persons and entities who have held, hold or may hold any debt, claim, lien, encumbrance against or interest in the Debtors are permanently enjoined from and after the date of entry of the order confirming the Plan from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against either the Debtors, their estates, their property, or the Reorganized Debtors; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against any of the foregoing; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the foregoing (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan.

## B. Binding Effect.

Except as otherwise expressly provided in the Plan, as of the Effective Date, the provisions of the Plan, a confirmation order, and any associated findings of fact or conclusions of law will bind the Debtor, the Reorganized Debtors, and all holders of claims and interests against the Debtors, regardless of whether such holders are impaired under the Plan or voted to accept.

# VII. RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction over the Bankruptcy Case subsequent to the date of Plan confirmation to the fullest extent permitted by law, including, without limitation, for the following purposes:

///

///

**A.** To approve any proposed sale(s) of the Mora House and Mora Lot following one or more duly noticed motions including any sale free and clear of disputed liens and interests, and to enter orders as may be necessary and appropriate to aid in the close of escrows;

**B.** To determine any and all proceedings related to allowance of claims or objections thereto, including objections to classification and including, on an appropriate motion pursuant to Bankruptcy Rule 3008, reconsideration of claims that have been allowed or disallowed prior to confirmation;

**C.** To hear and determine any and all applications for compensation by professionals or any other fees and expenses authorized to be paid or reimbursed in accordance with the Bankruptcy Code or the Plan;

**D.** To determine any and all claims or causes of action, whether pending before the Bankruptcy Court at Plan confirmation or filed or instituted after that date;

**E.** To modify the Plan or the Disclosure Statement, or to remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court (including the confirmation order) as may be necessary to carry out the purposes and effects of the Plan;

**F.** To determine disputes regarding title of the property claimed to be property of the Debtors or their estates;

**G.** To ensure that distributions to holders of allowed claims are accomplished in accordance with the provisions of the Plan;

**H.** To enter such orders as may be necessary to consummate and effectuate the operative provisions of the Plan, including actions to enjoin enforcement of claims inconsistent with the terms of the Plan;

**I.** To hear and determine disputes concerning any event of default or alleged event of default under the Plan, as well as disputes concerning remedies upon any event of default under the Plan;

**J.** To hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

**K.** To enter a final decree closing the Debtors' bankruptcy cases;

///

**L.** To enter and implement such orders as may be appropriate in the event the confirmation order is for any reason stayed, reversed, revoked or vacated;

**M.** To hear and determine such other matters as may arise in connection with the Plan, the Disclosure Statement, or the confirmation order;

**N.** To hear and determine any dispute between the Reorganized Debtors and any creditor or defendant or plaintiff in litigation;

**O.** To approve any post-petition retainer payments to professionals; and,

**P.** To issue temporary restraining orders and preliminary injunctions.

## VIII. GENERAL PROVISIONS

**A. Preservation of Causes of Action.**

Any and all claims and other causes of action accruing to Debtors or estate, the right and power to object to any filed or scheduled claims, the right to pursue avoidance actions will be preserved and retained by the estate after the confirmation date, and the Reorganized Debtors on behalf of the estate will have the exclusive right and standing to enforce any such causes of action.

**B. Cramdown.**

Pursuant to section 1129(b) of the Bankruptcy Code, Debtors reserve the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

**C. Severability.**

If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**D. Governing Law.**

Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

**E. Notices.**

Any notice to Debtors will be in writing, and will be deemed to have been given six days after the date sent by first-class mail, postage prepaid and addressed as follows:

///

///

**Reorganized Debtors:**

>Mora House LLC
>FRE 355 Investment Group, LLC
>Attn: Melvin Vaughn
>10700 Mora Drive, Los Altos, CA  94022
>Email: c4scab@aol.com
>
><u>With a copy to counsel</u>:
>Robert G. Harris, Esq.
>Binder & Malter, LLP
>2775 Park Avenue
>Santa Clara, CA 95050
>Facsimile: (408) 295-1531
>Email: rob@bindermalter.com

**F.     Post-Confirmation United States Trustee Fees.**

Following confirmation, Debtors will continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtors is required to make these payments, Debtors will file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

**G.     Modification of Plan.**

The Debtors reserve the right, in accordance with the Bankruptcy Code and Bankruptcy Rules, to amend or modify the Plan at any time prior to entry of an order confirming it.  After entry of an order confirming the Plan but prior to the Effective Date, the Debtors may seek an order of the Bankruptcy Court to amend or modify the Plan in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

After the Effective Date, the Reorganized Debtors may seek an order of the Bankruptcy Court to amend or modify the Plan in accordance with section 1127(b) of the Bankruptcy Code to remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

///

///

The holder of an allowed claim that has accepted the Plan will be deemed to have accepted the Plan as modified if the modification does not materially and adversely change the treatment of the holder's claim.

### H. Withdrawal or Revocation of Plan.

The Debtors may withdraw the Plan at any time prior to its confirmation date. If the Debtors withdraw the Plan prior to confirmation, or if the Plan is not confirmed, then the Plan will be deemed null and void and not binding on any person or entity.

### I. Failure of Effective Date.

In the event the Effective Date does not occur, nothing in this Plan will be binding on the Debtors or any other person or entity or otherwise be of any force or effect.

### J. Post-Effective Date Notices.

Except as otherwise provided in the Plan, upon and after the Effective Date, notices will be served only on the Office of the United States Trustee, the Reorganized Debtor, and those persons who file with the Bankruptcy Court and serve upon the Reorganized Debtors a request, which includes the person's name, contact individual, address, telephone number and facsimile number, that such Person receive notice of post-Effective Date matters. Persons who had previously filed with the Bankruptcy Court requests for special notice of the proceedings and other filings in the Bankruptcy Case will not receive notice of post-Effective Date matters unless such persons file a new request in accordance with this Section.

### K. Plan Controls.

To the extent the terms of the Plan are inconsistent with the Disclosure Statement or any document implementing the Plan, the terms of the Plan will be controlling.

### L. Applicable Law.

The Plan is to be governed by and construed under the Bankruptcy Code and the laws of the State of California as they may be applicable.

### M. Implementation Orders.

The Bankruptcy Court may, at any time, make such orders and give such directions as appropriate for consummation of the Plan pursuant to Bankruptcy Code section 1142

| | | |
|---|---|---|
| 1 | Dated: July 10, 2020 | MORA HOUSE LLC |
| 2 | | |
| 3 | | By: */s/ Melvin Vaughn* |
| | | Melvin Vaughn |
| 4 | | |
| | | Its: Managing Member |
| 5 | | |
| | | FRE INVESTMENT GROUP LLC |
| 6 | | |
| 7 | Dated: July 10, 2020 | By: */s/ Melvin Vaughn* |
| 8 | | Melvin Vaughn |
| 9 | | Its: Managing Member |
| 10 | | |
| 11 | July 10, 2020 | BINDER & MALTER, LLP |
| 12 | | |
| | | By: /s/ *Robert G. Harris* |
| 13 | | Robert G. Harris |
| 14 | | |
| | | Attorneys for Debtors and Debtors-in-possession |
| 15 | | FRE 355 Investment Group, LLC and |
| | | Mora House, LLC |