**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
Email: Lew@Landaunet.com

Attorney for Platinum Loan Servicing, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>FRE 355 Investment Group, LLC,<br><br>Debtor.<br><br>In re<br><br>Mora House, LLC,<br><br>Debtor. | Case No.: 20-50628 SLJ 11<br><br>Cases Jointly Administered<br><br>Chapter 11<br><br>Case No.: 20-50631 SLJ 11<br><br>**REPLY TO DEBTORS' OPPOSITION RE MOTION TO DISMISS CHAPTER 11 CASES; EVIDENTIARY OBJECTION TO CHEN DECLARATION**<br><br>Date: August 19, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 9 (Telephonic)<br>US Bankruptcy Court; Judge Johnson<br>280 South First Street<br>San Jose, California 95113 |

Platinum Loan Servicing, Inc. ("PLS") as servicing agent for the beneficiaries of the mortgages on the real property owned by FRE 355 dba FRE 355 Investment Group, LLC ("FRE 355") and Mora House, LLC ("Mora House") (FRE 355 and Mora House are collectively referred to as "Debtors"), herein replies to the opposition [ECF # 79] filed by Debtors in response to PLS's motion for an order dismissing the Debtors' chapter 11 cases pursuant to 11 U.S.C. § 1112(b).

For all these reasons, the Court should dismiss the Debtors' cases.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE DEBTORS' OPPOSITION FAILS TO REBUT THE CAUSE SHOWN FOR MANDATORY DISMISSAL OF THESE CHAPTER 11 CASES

PLS has moved to dismiss Debtors' cases under 11 U.S.C. § 1112(b). Dismissal is mandatory under § 1112(b)(4)(A) when there is a continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. PLS's motion establishes both factors because the Debtors' cases are non-operating liquidating chapter 11 cases and the Debtors' plan does not present a reasonable likelihood of rehabilitation. Debtors' opposition, which does not even cite § 1112(b), fails to rebut the cause shown. As such, dismissal is mandatory.

The first section of Debtors' opposition brief contains numbered paragraphs corresponding to each responsive allegation. PLS responds to each such paragraph as follows, clearly establishing that the Debtors have failed to carry their burden of proof under § 1112(b):

1. Debtors claim there are "nuances" concerning the collateral that are material to the motion. PLS contends that any such "nuances" do not rebut the cause shown.

2. Debtors allude to an objection to PLS's claim as being "overstated" but provide no argument, detail or evidence on the dispute. PLS has filed a precise accounting of its $13,264,318 claim as of July 28, 2020 attached to the Fine Declaration [ECF # 78]. Debtors scheduled PLS as an undisputed secured creditor for $12,113,909.20. *See* Exhibit 1 hereto. Debtors apparently took that precise figure from page 2 of PLS's Notice of Trustee's Sale dated June 25, 2019. *See* Exhibit 2 hereto. More than 13 months have elapsed since the June 25, 2019 Notice of Trustee's Sale and at a default note rate of 15% on the principal balance of $10,937,000, an additional $1,777,262.50 in interest accrued over the 13 month period of July 2019 through July 2020. Since PLS's accounting confirms $642,987 in payments over that same 13 month period, the net interest accrual is $1,134,275. Debtors' admitted scheduled amount due of $12,113,909 plus the net interest accrual of $1,134,275 totals $13,248,184, reconciling with PLS's proof of claim. Thus, Debtors' undefined objection to PLS's claim is entirely speculative and is undermined by Debtors' own admissions in the scheduling of PLS's claim.

3.  Debtors complain that PLS did not file copies of its deeds of trust. First, the Court's Open Calendar Procedures state that deeds of trust need not be filed unless requested by the Court. In any event, this is a strawman argument. There is no dispute over the deeds of trust. Debtors' admit to PLS's lien priority and PLS does not dispute that there is a prepetition collateral release addendum releasing the Mora Lot for a $500,000 payment. The release provision does not change the outcome, however, under the Debtors' pending plan. Under section 1129(b)(2)(A), fair and equitable treatment of PLS's secured claim requires that PLS retain its lien and credit bid rights for the full amount of PLS's claim. The Debtors cannot take advantage of the collateral release provision while cramming down a non-consensual plan.

4.  In paragraph 4, Debtors try to diminish the accruing administrative expenses in the estate that are clearly identified in Debtors' United States Trustee Monthly Operating Reports. But these arguments do not result in these non-operating estates suddenly becoming profitable. There is no dispute that the estates are operating at continuing losses due to administration expense accrual and zero income into the estates. This factor in support of dismissal under § 1112(b)(4)(A) is satisfied.

5.  In paragraph 5 Debtors allude to certain amendments to the disclosure statement that are forthcoming. These vague statements do nothing to make Debtors' patently non-confirmable plan suddenly confirmable. Debtors also offer the Chen Declaration which, at paragraph 9, purports to support Debtors' argument that the Mora House and Mora Lot will sell for $17,500,000 within the next six (6) months. To the extent that this is an attempt by the Debtors to offer valuation evidence in the form of a broker's opinion of value, PLS objects to the evidentiary admission thereof. *See* Federal Rules of Evidence 104, 602, 701, 702, 703; <u>Donoway v. Tucker (In re Donoway)</u>, 139 B.R. 156, 157 (Bankr. D. Md. 1992) ("Real estate brokers and agents without specialized training in real estate appraising are not qualified to testify as to their opinions regarding fair market value"). Here, Chen offers no foundation showing specialized training in real estate appraising or that any generally recognized appraisal principles were followed. *See* http://www.uspap.org/ (Uniform Standards of Professional Appraisal Practice). Without admissible valuation evidence, the only appraisal before the Court is contained in the Hart

Declaration valuing both parcels at $13,250,000 - **_$4.25 million less than the current listing price_**. But even if the $17,500,000 sale price is credited, a sale at $17,500,000 nets the estate only $430,606. See Disclosure Statement Exhibit C attached to Request for Judicial Notice at page 39. The problem with the $430,606 number is that it **_assumes no post-petition accruals on the Blanchard first deed of trust on the Mora Lot or property taxes. Worse, it assumes that PLS will be paid a flat $13,000,000, when PLS's claim already exceeds that amount and continues to accrue post-petition interest of $136,712.50 monthly at the 15% default rate._** As the Ninth Circuit clearly holds, PLS is entitled to interest at the default note rate. See In re New Investments, Inc., 840 F.3d 1137, 1140 (9th Cir. 2016) ("Subsection § 1123(d) renders void *Entz-White's* rule that a debtor who proposes to cure a default may avoid a higher, post-default interest rate in a loan agreement.") Thus, Debtors failure to address the post-petition accruals renders the plan patently infeasible. The Debtors' plan to generate $430,606 from a sale at $17,500,000 is a pipe dream and internally inconsistent with the amounts required to pay secured claims, unsupported by any admissible valuation evidence and otherwise patently infeasible. Debtors have not established a reasonable likelihood of rehabilitation.

Based on the foregoing, the "nuances" identified by the Debtors do not rebut the cause shown to dismiss the Debtors' cases. Pursuant to 11 U.S.C. § 1112(b)(4)(A), dismissal is mandatory under the circumstances.

## II.
## DEBTORS' ARGUMENTS DO NOT REBUT CAUSE SHOWN MANDATING DISMISSAL OF THE CASES

PLS has established cause pursuant to 11 U.S.C. § 1112(b)(4)(A) for mandatory dismissal of Debtors' cases. Other than their "nuances" identified above, Debtors purport to present a "legal argument" on pages 4 through 9 of their opposition brief. However, **_their legal argument does not contain a single citation to § 1112(b) nor a single case interpreting § 1112(b) in support of their arguments against dismissal_**. This is a remarkable omission. Debtors are purporting to respond to a motion brought under § 1112(b) but utterly fail to address the relief sought under the applicable statute. The motion should be granted.

As set forth in PLS's motion, PLS moved to dismiss Debtors' case under 11 U.S.C. § 1112(b). Once cause has been demonstrated under § 1112(b)(4)(A), the Court <u>must</u> either dismiss or convert a chapter 11 case. <u>In re TCR of Denver</u>, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006); *accord* <u>In re Adamo</u>, Case No. 14-73640-las, 2016 Bankr. LEXIS 694, at *27-28 (Bankr. E.D.N.Y. Mar. 4, 2016); <u>In re Gregory & Parker, Inc.</u>, Case No. 12-01382-8-SWH, 2013 Bankr. LEXIS 2104, at *11 (Bankr. E.D. N.C. May 23, 2013). In the context of a debtor who has ceased business operations, in the absence of a cash infusion from third parties, the first prong will be satisfied because "any negative cash flow-including that resulting from only administrative expenses - effectively comes straight from the pockets of the creditors." <u>Loop Corp. v. United States Tr.</u>, 379 F.3d 511, 516 (8th Cir. 2004). Debtors' opposition admits the first element for relief under § 1112(b)(4)(A) as Debtors are not operating and are suffering negative cash flow.

Thus, the question is whether Debtors' liquidating plan is sufficiently viable and satisfies the "reasonable likelihood of rehabilitation" requirement. PLS's motion identifies authorities holding that rehabilitation is a different and much more demanding standard than reorganization. <u>In re Brutsche</u>, 476 B.R. 298, 301 (Bankr. D. N.M. 2012). For purposes of § 1112(b)(4)(A), "'rehabilitation means to put back in good condition and reestablish on a sound basis.'" <u>In re BH S&B Holdings, LLC</u>, 439 B.R. at 347 (*quoting* <u>In re AdBrite Corp.</u>, 290 B.R. 209, 216 (Bankr. S.D. N.Y. 2003)). Debtors utterly fail to address these authorities.

Instead, Debtors focus their argument on "buying time" by pleading for an evidentiary hearing. Evidentiary hearings are not required when there is no disputed issue of fact. *See* <u>In re Brown</u>, 606 B.R. 40, 51 (9th Cir. B.A.P. 2019) ("holding an evidentiary hearing serves no legitimate purpose when no 'disputed material factual issues' exist.") Here, there is no dispute over valuation because Debtors have not offered admissible valuation evidence. While Debtors allude to a dispute over PLS's claim, as set forth above, Debtors' admitted amount scheduled for PLS plus accrued interest at the legally permissible default rate over the last year undermine the credibility of this unsubstantiated dispute.

Finally, Debtors make much of the *possibility* of confirming a negative amortization plan. By this very argument, Debtors are admitting to the accrual of additional unpaid interest that is not

accounted for in their $13,000,000 proposed payoff in disclosure statement Schedule C. Importantly, no case cited by the Debtors actually authorized confirmation of a negative amortization plan without adequate loan to value ratio maintained throughout the plan term. *See* Great Western Bank v. Sierra Woods Group, 953 F.2d 1174, 1178 (9th Cir. 1992) (remanding for analysis of factors including whether the ratio of debt to value is satisfactory throughout the plan and whether risks are unduly shifted to creditor); In re Nauman, 213 B.R. 355 (9th Cir. B.A.P. 1997) (loan-to-value ratio increased only slightly from 71% to 75% over the plan term). Here, ***there is no adequate protection in the form of any meaningful loan to value ratio for PLS*** even at Debtors' intended $17,500,000 sale price. Debtors cite no case authorizing a negative amortization plan without a substantial equity cushion protecting the secured creditors' position during the period of negative amortization.

Moreover, the mere fact that a negatively amortizing plan is remotely *possible* does not satisfy the other confirmation requirements necessary to show there is a "***reasonable likelihood of rehabilitation***" as required to rebut cause for dismissal under § 1112(b)(4)(A). Debtors argue that the $500,000 collateral release addendum for the Mora Lot can be enforced notwithstanding cram down. But nowhere do the Debtors address the requirements of § 1129(b)(2)(A) or that paying down the Mora Lot will increase the debt upon the Mora House. Section 1129(b)(2)(A) states:

> (A) With respect to a class of secured claims, the plan provides—
> (i) (I) that the holders of such claims ***retain the liens securing such claims***, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
> (II) that each holder of a claim of such class ***receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim***, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such ***liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph***; or
> (iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. § 1129(b)(2)(A) (emphasis added).

Nowhere in their opposition brief do the Debtors make any attempt at showing that their plan complies with the requirements of § 1129(b)(2)(A). Being that Debtors have filed a joint plan and must establish that their plan satisfies the "reasonable likelihood of rehabilitation" requirement, the Debtors' opposition fails to rebut cause shown to dismiss the cases by failing to prove that the pending plan can be confirmed.

Finally, PLS acknowledges the impact of the COVID-19 pandemic. But the pandemic is a neutral factor as it impacts PLS as much as the Debtors. PLS is entitled to adequately protect its interests and the continued delay occasioned by Debtors' case when there is no reasonable likelihood of rehabilitation jeopardizes PLS's interests as much as the Debtors' interests.

Although § 1112(b) authorizes conversion or dismissal of Debtors' cases under these circumstances, conversion to chapter 7 will result in a chapter 7 trustee receiving a fully encumbered no asset estate. As such, dismissal is in the best interests of creditors under these circumstances. For all these reasons, the Debtors cases must be dismissed.

### III.
### CONCLUSION

For all the reasons set forth above, PLS respectfully requests entry of an order dismissing the Debtors' cases.

Dated: August 12, 2020

**Lewis R. Landau**
**Attorney-at-Law**

By: /s/ Lewis R. Landau
Lewis R. Landau
Attorneys for Movant

# DECLARATION OF LEWIS R. LANDAU

I, Lewis R. Landau, do hereby declare:

1. I am an attorney duly admitted in the States of California and the United Stated District Court for the Northern District of California. I am attorney of record for Platinum Loan Servicing, Inc. ("PLS") in the above captioned chapter 11 cases and have personal knowledge of the facts set forth herein.

2. Attached to my declaration as Exhibit 1 is a true and correct copy of bankruptcy Schedule D filed by FRE 355 Investment Group, LLC.

3. Attached to my declaration as Exhibit 2 is a true and correct copy of my client's Notice of Trustee's Sale dated June 25, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of August 2020 at Los Angeles, California.

/s/ Lewis R. Landau
Lewis R. Landau

# EXHIBIT 1

Case: 20-50628 Doc# 80 Filed: 08/12/20 Entered: 08/12/20 19:50:14 Page 9 of 15

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ■ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** | **Department of Tax & Collections**<br>Creditor's Name<br><br>70 W. Hedding St., E. Wing 6th Floor<br>San Jose, CA 95110<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>2018-2019<br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>■ Yes. Specify each creditor, including this creditor and its relative priority.<br>1. S&R Income Fund I, LP<br>2. Department of Tax & Collections<br>3. State of California | **Describe debtor's property that is subject to a lien**<br>10718 Mora Drive, Los Altos, CA 94024, Parcel No. 331-14-066. This property consists of 9,677 square feet of livable space with 6 bedrooms.<br><br>**Describe the lien**<br>Property taxes<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $138,022.04 | $14,999,999.00 |
| **2.2** | **S&R Income Fund I, LP**<br>Creditor's Name<br>c/o Platinum Loan Servicing, Inc.<br>24025 Park Sorrento, Suite 150<br>Calabasas, CA 91302<br>Creditor's mailing address<br><br>Creditor's email address, if known | **Describe debtor's property that is subject to a lien**<br>10718 Mora Drive, Los Altos, CA 94024, Parcel No. 331-14-066. This property consists of 9,677 square feet of livable space with 6 bedrooms.<br><br>**Describe the lien**<br>First Trust Deed<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?** | $12,113,909.20 | $14,999,999.00 |

Official Form 206D      Schedule D: Creditors Who Have Claims Secured by Property      page 1 of 2

| Debtor | FRE 355 Investment Group, LLC | Case number (if known) | 20-50628-SLJ |
|---|---|---|---|
| | Name | | |

| | | | | |
|---|---|---|---|---|
| | **Date debt was incurred** <br> **4/13/18** <br> **Last 4 digits of account number** <br> **0536** <br> **Do multiple creditors have an interest in the same property?** <br> ☐ No <br> ■ Yes. Specify each creditor, including this creditor and its relative priority. <br> **Specified on line 2.1** | ☐ No <br> ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) <br><br> **As of the petition filing date, the claim is:** <br> Check all that apply <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | | |

| 2.3 | **State of California** <br> Creditor's Name <br> **Franchise Tax Board** <br> **Special Procedures Section** <br> **PO Box 2952** <br> **Sacramento, CA** <br> **95812-2952** <br> Creditor's mailing address <br><br> Creditor's email address, if known <br><br> **Date debt was incurred** <br> **3/1/19** <br> **Last 4 digits of account number** <br> **2186** <br> **Do multiple creditors have an interest in the same property?** <br> ☐ No <br> ■ Yes. Specify each creditor, including this creditor and its relative priority. <br> **Specified on line 2.1** | **Describe debtor's property that is subject to a lien** <br> **10718 Mora Drive, Los Altos, CA 94024, Parcel No. 331-14-066. This property consists of 9,677 square feet of livable space with 6 bedrooms.** <br><br> **Describe the lien** <br> **Tax lien** <br> **Is the creditor an insider or related party?** <br> ■ No <br> ☐ Yes <br> **Is anyone else liable on this claim?** <br> ■ No <br> ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) <br><br> **As of the petition filing date, the claim is:** <br> Check all that apply <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | $3,452.50 | $14,999,999.00 |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $12,255,383.74 |
|---|---|---|

**Part 2:** **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Lewis Raymond Landau** <br> **Attorney at Law** <br> **22287 Mulholland Hwy., Ste. 318** <br> **Calabasas, CA 91302** | Line **2.2** | |
| **Marquee Funding Group, Inc.** <br> **24025 Park Sorrento, Suite 150** <br> **Calabasas, CA 91302** | Line **2.2** | 0536 |
| **S.B.S. Trust Deed Network** <br> **Attn: Colleen Irby** <br> **31194 La Baya Drive, #106** <br> **Thousand Oaks, CA 91362** | Line **2.2** | |

# EXHIBIT 2

**This document was electronically submitted to Santa Clara County for recording**

**24212292**

Regina Alcomendras
Santa Clara County - Clerk-Recorder
06/27/2019 08:26 AM

Titles: 1   Pages: 2
Fees: $103.00
Tax:  $0
Total: $103.00

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
S.B.S. Trust Deed Network
31194 La Baya Drive, Suite 106
Westlake Village, California 91362

---

APN: 331-14-066         T.S. No. 2019-1305

SPACE ABOVE THIS LINE FOR RECORDER'S USE
Order No. 19-267230

# NOTICE OF TRUSTEE'S SALE

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED***
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**\*PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 3/29/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Will sell at a public auction sale to the highest bidder, payable at time of sale in lawful money of the United States, by a cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **FRE 355, LLC, A DELAWARE LIMITED LIABILITY COMPANY DOING BUSINESS IN CALIFORNIA AS FRE 355 INVESTMENT GROUP, LLC, A DELAWARE LIMITED LIABILITY COMPANY**
Duly Appointed Trustee: **S.B.S. TRUST DEED NETWORK, A CALIFORNIA CORPORATION**
Deed of Trust recorded 4/13/2018 as Instrument No. 23909450 in book XX, page XX of Official Records in the office of the Recorder of **Santa Clara** County, California,
Date of Sale :7/31/2019 at 10:00 AM
Place of Sale:     **AT THE GATED NORTH MARKET STREET ENTRANCE OF THE SUPERIOR COURTHOUSE, 191 N. FIRST STREET, SAN JOSE, CA 95113**

1 of 2

APN: 331-14-066     T.S. No. **2019-1305**     Order No. **19-267230**

## NOTICE OF TRUSTEE'S SALE

Amount of unpaid balance and other reasonable estimated charges: **$12,113,909.20**
Street Address or other common designation of purported real property:
**10718 MORA DRIVE**
**LOS ALTOS, CA 94024**
A.P.N.: **331-14-066**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the trustee within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **FOR SALES INFORMATION, PLEASE CALL (855) 986-9342** or visit this Internet Web site **www.superiordefault.com**, using the file number assigned to this case **2019-1305**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 6/25/2019

**S.B.S. TRUST DEED NETWORK, A CALIFORNIA CORPORATION**
**31194 La Baya Drive, Suite 106**
**Westlake Village, California 91362**
**(818) 991-4600**

**COLLEEN IRBY, TRUSTEE SALE OFFICER**

WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, California. I am over the age of eighteen (18) years and not a party to the within entitled cause, my business address is 22287 Mulholland Hwy., # 318, Calabasas, CA 91302.

On August 12, 2020 I served a true and correct copy of the following documents:

**REPLY TO DEBTORS' OPPOSITION RE MOTION TO DISMISS CHAPTER 11 CASES; EVIDENTIARY OBJECTION TO CHEN DECLARATION**

by effecting electronic delivery upon such persons that have agreed to accept service through the Court's CM/ECF electronic noticing system as follows:

Bernard S. Greenfield on behalf of Creditor Richard Blanchard
bgreenfield@greenfieldlaw.com, ckaefer@greenfieldlaw.com
Robert G. Harris on behalf of Debtor FRE 355 Investment Group, LLC
rob@bindermalter.com
Lewis R. Landau on behalf of Creditor Platinum Loan Servicing, Inc.
lew@landaunet.com
Michael W. Malter on behalf of Debtor FRE 355 Investment Group, LLC
michael@bindermalter.com
Office of the U.S. Trustee / SJ
USTPRegion17.SJ.ECF@usdoj.gov
Suhey Ramirez on behalf of U.S. Trustee Office of the U.S. Trustee / SJ
suhey.ramirez@usdoj.gov, Patti.Vargas@UST.DOJ.GOV
Julie H. Rome-Banks on behalf of Debtor FRE 355 Investment Group, LLC
julie@bindermalter.com
Jennifer C. Wong on behalf of Creditor Wells Fargo Bank, N.A.
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of August 2020 at Los Angeles, California.

*/s/ Lewis R. Landau*
Lewis R. Landau