

The following constitutes the order of the Court.
Signed: August 13, 2020

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**FRE 355 INVESTMENT GROUP, LLC,**<br><br>                  Debtor.<br>_____<br>In re<br><br>**MORA HOUSE, LLC,**<br><br>                  Debtor. | Case No. 20-50628 SLJ<br>Chapter 11<br><br>*Jointly Administered*<br><br><br>Case No. 20-50631 SLJ<br>Chapter 11<br><br><br>Date: August 11, 2020<br>Time: 10:00 a.m.<br>Ctrm: 9 |

**ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY**

On July 28, 2020, secured creditor Platinum Loan Servicing Inc. ("Movant") filed its Motion for Relief from Stay; Memorandum of Points and Authorities, etc. ("Motion")(DKT 75). The Motion seeks relief from stay to continue with foreclosure on two parcels of real properties, each owned by one of the jointly administered Debtors and located on Mora

Drive, Los Altos, California (collectively "Property"). The matter came on for hearing on the regular chapter 11 motion for relief from stay calendar. Due to the formulation of the Bankruptcy Local Rules ("BLR") and, specifically, BLR 4001-1(c) and (f),[1] the matter was calendared on 14 days' notice and did not require a written opposition from Debtors. Lewis Landau, Esq. appeared for Movant and Julie Rome-Banks, Esq. appeared for Debtors.

The Motion is made under § 362(d)(1), (2), and (3). Debtors appeared and opposed the Motion orally. Debtors contested Movant's valuation of the Property as well as the contention that reorganization was impossible. They indicated they wished to depose Movant's appraisal witness. They also believe that certain aspects of Movant's claim in these cases may require objection.

At the hearing I indicated, consistent with my usual practice in view of the BLR, that I would continue the hearing to allow Debtors to prepare and file a written response and proposed September 29, 2020 for such a hearing, with briefing to be submitted in advance. Movant contends, based on its reading of § 362(e), that a continuance of more than 30 days is not authorized by the statute on the facts presented.

Instead, Movant argued at the hearing that its Motion should be granted immediately because it has met its burden of proof by submitting evidence that the Property has less value than the outstanding loan.[2] The Motion relies on an appraisal by Ricci E. Hart, who is a certified and licensed real estate appraiser and concluded the combined value of the Property is approximately $13 million (comprised of one parcel at $10.25 million and a second at $2.75 million). Movant asserts the loan balance is $13.3 million and contends

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

[2] Pursuant to § 362(g), the moving party has the burden of proof on the issue of debtor's equity; the debtor has the burden of proof on all other issues.

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY                                2/8

Debtors have no equity in the Property. It further contends that Debtors' plan is infeasible, principally because it relies on an exaggerated value for the Property.

Valuation of property is not an exact science. *See Boyle v. Wells (In re Gustav Schaefer Co.)*, 103 F.2d 237, 242 (6th Cir. 1939), cert. denied, 308 U.S. 579, 60 (1939) ("The valuation of property is an inexact science and whatever method is used will only be an approximation[.]"); *Rushton v. Commissioner*, 498 F.2d 88, 95 (5th Cir. 1974) ("Valuation outside the actual market place is inherently inexact."); *In re Jones*, 5 B.R. 736, 738 (Bankr. E.D. Va. 1980) ("True value is an elusive Pimpernel.").

Courts are often greeted with conflicting appraisals and testimony, to which weight must be assigned depending upon credibility assessments. *In re Smith*, 267 B.R. 568, 572 (Bankr. S.D. Ohio 2001) ("Because the valuation process often involves the analysis of conflicting appraisal testimony, a court must necessarily assign weight to the opinion testimony received based on its view of the qualifications and credibility of the parties' expert witnesses."); *In re Coates*, 180 B.R. 110, 112 (Bankr. D.S.C. 1995) ("The valuation process is not an exact science, and the court must allocate varying degrees of weight depending upon the court's opinion of the credibility of ... [the appraisal] evidence.").

Moreover, a trial court is not bound by valuation opinions or reports submitted by appraisers and may form its own opinion as to the value of property in bankruptcy proceedings. *See, e.g., Sammons v. Comm's of IRS*, 838 F.2d 330, 333 (9th Cir.1988); *In re Ahmed*, 2011 WL 1004649, *2 (Bankr. N.D. Cal. 2011); *In re Evans*, 492 B.R. 480, 508 (Bankr. S.D. Miss. 2013).

The problem here is that the record contains contrary evidence as to value. Debtors' bankruptcy schedules estimated the two parcels were worth $19 million (DKT 26 (FRE), DKT 22 (Mora)). Debtors' real estate broker, Phil Chen, states they are worth $17.5 million (DKT 79-1). Admittedly, these are not appraisals, but both were executed under penalty of perjury, which should be accorded some weight. *See* Barry Russell, Bankruptcy Evidence Manual § 701.2 (2019-20 ed.) ("Courts have generally held that an owner is competent to

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY 3/8

give his opinion on the value of his property, often by stating the conclusion without stating a reason." (citations omitted)); *In re Morse*, 2018 WL 6721090, *6 (Bankr. N.D.N.Y. December 20, 2018)("the Court should not categorically reject a broker's opinion of value . . . . [a]s an evidentiary matter, . . . it comes down to the weight to assign to such testimony and opinion." (internal citations and quotation marks omitted)).

Given the conflicting evidence and taking into consideration that this is a preliminary hearing for which neither written opposition with points and authorities nor countervailing evidence is required, due process requires that Debtors be given an opportunity to present their written arguments and evidence.

As for Movant's argument regarding § 362(e), it is worth considering the statute at issue:

> (e)(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time *which the court finds is required by compelling circumstances*.

§ 362(e)(1) (emphasis added).

In effect, § 362(e)(1) provides that the automatic stay expires by operation of law thirty days after a motion for relief from stay is filed unless: (1) a preliminary hearing is held within thirty days of the filing of the motion; (2) the court orders the stay continued in effect pending the conclusion of a final hearing; (3) there is a reasonable likelihood that the party opposing relief from stay will prevail at the conclusion of such final hearing; and (4) the final

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY 4/8

hearing occurs not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended for a specific time upon a finding of compelling circumstances. 11 U.S.C. § 362(e)(1); *In re City of San Bernardino, California*, 545 B.R. 14, 16 (C.D. Cal. 2016).

I conclude that these conditions are satisfied, assuming as I must that the hearing held on August 11, 2020 was a preliminary hearing held within the 30-day period prescribed by statute. *See* BLR 4001-1(c).

At a hearing on a motion for relief from stay, a bankruptcy court generally is called upon only to decide a limited set of issues: the adequacy of protection for the creditor, the debtor's equity in the property and the property's necessity to an effective reorganization. *First Fed. Bank of California v. Robbins (In re Robbins )*, 310 B.R. 626, 631 (B.A.P. 9th Cir. 2004). The argument that Debtors be given an opportunity to shore up the evidence of value makes sense in view of the determination that I have to make. The disposition of this case appears to depend largely on a determination of the value of the Property as this affects Debtors' equity, Movant's adequate protection, and the prospects of a sale as envisioned by the now-filed plan. Without this information, I am flying blind.

Movant's appraisal is contested by Debtors, as is the amount of its claim. Given the seriousness of the disputes here and, frankly, the yawning gap in values, it is not possible to conclude at this juncture that Movant is correct in its valuation. Debtors have filed a plan that contemplates a sale at a very different value. Given the posture of the case, I conclude Debtors have met their obligation of showing a reasonable likelihood of prevailing. Having said that, the valuation appears critical and Debtors should be mindful that a conclusion of value may be case-determinative.

A final hearing, and possibly an evidentiary hearing, is necessary. Compelling circumstances warrant such an extension beyond the 30 days set forth in § 362(e)(1). There is little guidance in case law or treatises as to what constitutes compelling circumstances. Nevertheless, I find that the current pandemic qualifies.

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY 5/8

Simply put, these are not normal times.[3] Bankruptcy courts in this district have been closed to visitors since March 2020. *See* General Order 38. Santa Clara County, where the San Jose Division is located, has had a shelter in place order in force since March 17, 2020, and has been on the Governor's "watch list" since the inception of that program.[4] Every facet of life has been affected in this county, from employment to transit to retail to personal health care. In fact, since March 18, 2020, all work that does not qualify as essential (a limited category) must be done remotely. In the court's experience, most law offices are shuttered, many attorneys are working remotely, frequently with limited or no assistance from support staff, and communications with clients and other professionals are hampered and delayed.

Against the backdrop of the COVID-19 pandemic, and Debtors' reasonable request for discovery, I find that compelling circumstances exist to extend the date of the final hearing beyond the thirty days after the conclusion of the preliminary hearing.

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. This matter is CONTINUED to **September 29, 2020, at 1:30 p.m.**, at which time the court will hold a final hearing on the Motion. Appearances will be by phone or by teleconference and the courtroom deputy will inform the parties in advance.

---

[3] I am not the first judge to make observations like this. One court summed up the current situation as follows: "The COVID-19 pandemic has effectively shut commerce, closed businesses and schools, eliminated employment, substantially changed daily life at the local, state, and national levels, and generally limited products and services to those deemed necessary or essential." *In re Dudley*, ___ B.R. ____, 2020 WL 2569921, at *2 (Bankr. E.D. Cal. May 18, 2020). Another court offered this assessment: "Meanwhile, the world is in the midst of a global pandemic. The President has declared a national emergency. The Governor has issued a state-wide health emergency. As things stand, the government has forced all restaurants and bars [ ] to shut their doors, and the schools are closed, too. The government has encouraged everyone to stay home, to keep infections to a minimum and help contain the fast-developing public health emergency." *Art Ask Agency v. Individuals, Corporations, et al.*, 2020 WL 1427085, *1 (N.D. Ill. 2020).

[4] https://www.sccgov.org/sites/covid19/Pages/public-health-orders.aspx

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY      6/8

2. Debtor shall file an opposition to the Motion, including any additional evidence, by September 15, 2020. Movant's reply is due by September 22, 2020.

3. The automatic stay shall continue in effect pending the conclusion of the final hearing.

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY 7/8

**COURT SERVICE LIST**

[ECF recipients only]

ORDER CONTINUING HEARING ON PLATINUM LOAN SERVICING, INC.'S MOTION FOR RELIEF FROM STAY 8/8