MICHAEL W. MALTER. #96533
ROBERT G. HARRIS, #124678
JULIE H. ROME-BANKS, #142364
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: Michael@bindermalter.com
Email: Rob@bindermalter.com
Email: Julie@bindermalter.com

Attorneys for Debtors-In-Possession,
FRE 355 INVESTMENT GROUP, LLC and
MORA HOUSE, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>FRE 355 INVESTMENT GROUP, LLC,<br>dba FRE 355,<br><br>              Debtor. | Case No. 20-50628-SLJ<br><br>Cases Jointly Administered<br><br>Chapter 11 |
| In re<br><br>MORA HOUSE, LLC,<br><br>              Debtor. | Case No. 20-50631-SLJ<br><br>Chapter 11<br><br><u>Initial Status Conference</u><br>Date: October 7, 2020<br>Time: 2:00 p.m.<br>Courtroom: 9<br>Tele/Video Appearance |

## **OBJECTIONS TO CLAIMS OF PLATINUM LOAN SERVICING**
### (Claim #4 in both cases)

      Comes now Debtors FREE 355 INVESTMENT GROUP, LLC ("FRE 355") and MORA HOUSE, LLC ("Mora") and do hereby object to the Proofs of Claim filed by Platinum Loan Servicing ("Creditor" or "Platinum") which filed claims in both cases as Claim #4 (the "Claims" and each of them the "Claim") as follows:

1. In each case, Creditor's Claim is in the total amount of $13,264,318.71. A true and correct copy of Claim No. 4 filed by Creditor in the case of FRE 355 is attached hereto as Exhibit "A" and is incorporated herein by reference. A true and correct copy of Claim No. 4 filed by Creditor in the case of Mora is attached hereto as Exhibit "B" and is incorporated herein by reference.

2. Creditor includes in the attachments to each of its Claims a single page identified as a ""Beneficiary's Demand for Payment" dated 7/28/2020 immediately followed by a single page "Itemization of Unpaid Charges" and two pages identified as a "Borrower Statement of Account."

3. The Debtors object to the Claims of Creditor in both bankruptcy cases for the following reasons:

    A. Beginning at page 4 of each of the Claims is an attachment identified as a "Beneficiary's Demand for Payment" dated 7/27/2020 which includes, among other things, the following two lines of charges for interest which dates appear to be overlap and therefore are duplicative:

"Unpaid Default Interest from 2/1/20 to 8/1/20 @ $45,584.74 per month $319,093.25"

    "Accrued Interest from 8/1/19 to 7/28/20    $1,658,521.58"

    The Debtors object to both Claims insofar as these two elements of the Claims containing interest appear to be overlapping and therefore duplicative.

    B. Page 4 attached to each of the Claims identified as a "Beneficiary's Demand for Payment" dated 7/27/2020 includes, among other things, the following two lines of charges for late charges which appear to be overlap and therefore are duplicative:

    "Unpaid Late Charges    $86,587.38"

    "Accrued Late Charges    $150,399.04"

    The Debtors object to both Claims insofar as these two elements of the Claims regarding late charges appear to be overlapping and therefore duplicative.

C.  Page 4 attached to each of the Claims identified as a "Beneficiary's Demand for Payment" dated 7/27/2020 includes, among other things, the following line item:

"Unpaid Charges (see itemization attached)   $112,672.46"

The Itemization of Unpaid Charges that follows as page 5 attached to each of the Claims identifies numerous line items consisting of "Advanced Trustee Fees", "SBS Trust Deed Fees", "Defaulted Late Fees", "Advanced Appraiser Fees", "Advanced Lawyer Fees (Landau)", "Lawyer Fees Landau" and "Advance Lawyer Fees".

D.  The Debtors object to the "Unpaid Charges" of $112,672.46 and to each of the specific line items contained in the supporting attachment insofar as such charges appear to be duplicative of the other late charges, including "defaulted late fees" of $18,228.32 which would appear to be duplicative of the "Unpaid Late Charges" of $86,587.38 and the "Accrued Late Charges" of $150,399.04.

E.  The Debtors further object to the "Advanced Trustee Fees" and "SBS Trust Deed Fees" identified in the Itemization of Unpaid Charges contained on page 5 attached to each of the Claims in the following amounts:

| Advance Trustee Fees | |
|---|---|
| Date | Amounts |
| 4/15/2019 | $17,538.34 |
| 4/15/2019 | $5,062.91 |
| 2/14/2020 | $423.87 |
| 2/14/2020 | $1,790.35 |
| 2/14/2020 | $1,705.12 |
| 2/14/2020 | $4,177.69 |
| 2/14/2020 | $14,471.84 |
| 2/14/2020 | $852.48 |
| 7/15/2020 | $8,028.69 |
| Total | $54,051.29 |

The Debtors object to the asserted Advanced Trustee Fees and SBS Trust Deed Fees due to the failure of Creditor to provide any supporting documents for such alleged unpaid charges, such as statements and evidence of payment by Creditor.

F.    The Debtors further object to the "Advanced Lawyer Fees (Landau)", "Lawyer Fees Landau" and "Advance Lawyer Fees" (collectively the "Lawyer's Fees") identified in the Itemization of Unpaid Charges contained on page 5 attached to each of the Claims asserted by Creditor and identified in the following amounts:

Lawyer's Fees

| Date | Fees | Interest | Total |
|---|---|---|---|
| 7/8/2020 | $1,564.00 | $13.69 | $1,577.69 |
| 7/15/2020 | $6,000.00 | | $6,000.00 |
| 7/16/2020 | $22,067.00 | $119.53 | $22,186.53 |
| | | Total | $29,764.22 |

In addition, the "Borrower's Statement of Account" which begins on page 6 attached to each of the Claims asserted by Creditor, identifies different amounts for Lawyer's Fees as follows:

| Date | Fees |
|---|---|
| 7/8/2020 | $1,564.00 |
| 7/15/2020 | $17,106.00 |
| 7/16/2020 | $22,067.00 |
| Total | $40,737.00 |

The Debtors object to all asserted Lawyer's Fees due to the failure of Creditor to provide any supporting documents for such alleged unpaid charges, such as statements of services rendered, invoices and evidence of payment by Creditor. The Debtors further object to the inconsistent amount of Lawyer's Fees as between the Itemization of Unpaid Changes and the Borrower's Statement of Account, both provided by Creditor allegedly in support of the Claims. The Debtors further object that any such Lawyer's Fees are excessive in light of the lack of any factual support for such asserted Lawyer's Fees. The Debtors further object that

the asserted interest on such alleged Lawyer's Fees as reflected in the Itemization of Unpaid Changes is not properly calculated and/or at an incorrect rate according to the Note, if any interest is permitted at all.

G. The Debtors further object to the fees regarding "Advanced Appraiser Fees" (the "Appraisal Fees") asserted by Creditor and identified in the following amounts:

| Advanced Appraisal Fees | | | |
|---|---|---|---|
| Date | Fees | Interest | Total |
| 7/6/2020 | $10,500.00 | $100.63 | $10,600.63 |

The Debtors object to the asserted Appraisal Fees due to the failure of Creditor to provide any supporting documents for such alleged unpaid Appraisal Fees, such as statements, invoices and evidence of payment by Creditor. The Debtors further object that the asserted interest on such alleged Appraisal Fees is not properly calculated and/or at an incorrect rate according to the Note, if any interest is permitted at all.

F. In addition, the Debtors object to the interest rate of 15% identified in connection with certain lines on the Itemization of Unpaid Charges for "Advanced Appraisal Fees" and "Advanced Lawyer Fees (Landau)" and "Advanced Lawyer Fees" The copy of the Note Secured By A Deed Of Trust (the "Note") also attached to the Claims includes a provision for a default rate of interest identified in paragraph 9 of the Note that is 5% higher that the Note interest rate which is stated as 10.0%. In addition, the Note further states at paragraph 9 that, "[t]he Default Rate will automatically apply to all interest accrued thereafter without demand by the Note Lender." This default rate provision however does not provide for the default rate of interest to apply to trustee's fees, appraiser fees and/or lawyer fees incurred by Creditor. Accordingly, the Debtors object to the Claims insofar as Creditor has applied a default rate of interest to Advanced

Trustees Fees, Appraiser Fees, Lawyer's Fees or any other element of the Claims other than defaulted interest.

### POINTS AND AUTHORITIES

A. **Creditor has the burden to prove its Claims.**

A properly-filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim pursuant 11 U.S.C. Section 502(a). Federal Rule of Bankruptcy Procedure 3001(f) requires that, if a claim is based on a writing, the writing must be provided with the proof of claim. In order to defeat a claim, the objecting party must "produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of the claims themselves." *In re Holm* 931 F.2d 620, 623 (9th Cir. 1991) *(internal citation omitted, emphasis added.)* If the objecting party produces sufficient evidence to negate one or more of the facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Ashford v. Consolidated Pioneer Mort. (In re Consolidated Pioneer Mort.*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995).

B. **The Debtors have presented evidence negating one or more facts of each Claim asserted by Creditor.**

As asserted by the Debtors herein, there are numerous instances of contradictory evidence presented in the Claims, such as the inclusion of multiple instances of interest and late charges for time periods that appear, on their face, to be duplicative and overlapping. In addition, the Claims lack supporting evidence for amounts asserted for Lawyer's Fees, Appraisal Fees and Advanced Appraiser Fees and other fees and charges that lack supporting documentation as to their nature and calculations. Finally, the Claims appear to include default rate interest on certain charges that is not permitted by the terms of the Note. The burden of proof is on Creditor to provide evidence to support such elements of its Claims.

WHEREFORE, the Debtors pray that the Court disallow and/or reduce the Claims by the following amounts as is appropriate and according to proof:

(1) Accrued Interest from 8/1/19 to 7/28/20 of $1,658,521.58 due to duplicate interest being included by Creditor;

(2) "Accrued Late Charges of $150,399.04 due to duplicate late charges;

(3) "Defaulted late fees" of $18,228.32 due to duplicate late charges;

(4) "Advanced Trustee Fees," Advanced Lawyer Fees (Landau)" and "Advanced Lawyer Fees" and interest thereon due to lack of proof and as contradicting the provisions of the Note;

(5) And for such other and further relief as the Court deems just and proper.

Dated: August 31, 2020                                          BINDER & MALTER, LLP

                                                                By: /s/ Julie H. Rome-Banks
                                                                    Julie H. Rome-Banks
                                                                    Attorneys for Debtors