**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
Email:  Lew@Landaunet.com

Attorney for Platinum Loan Servicing, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>FRE 355 Investment Group, LLC,<br><br>Debtor. | Case No.:  20-50628 SLJ 11<br><br>Cases Jointly Administered<br><br>Chapter 11<br><br>Case No.:  20-50631 SLJ 11 |
| In re<br><br>Mora House, LLC,<br><br>Debtor. | **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY; EVIDENTIARY OBJECTIONS**<br><br>Date: September 29, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 9 (Telephonic)<br>US Bankruptcy Court; Judge Johnson<br>280 South First Street<br>San Jose, California 95113 |

Platinum Loan Servicing, Inc. ("PLS") as servicing agent for the beneficiaries of the mortgages on the real property owned by FRE 355 dba FRE 355 Investment Group, LLC ("FRE 355") and Mora House, LLC ("Mora House") (FRE 355 and Mora House are collectively referred to as "Debtors"), herein files its reply to the Opposition to Motion for Relief From Stay [ECF # 96] pursuant to the Court's August 13, 2020 Order Continuing Hearing on PLS's Motion for Relief From Stay [ECF # 81] ("RFS Continuance Order").

For all these reasons, the Court should grant the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE DEBTORS' OPPOSITION FAILS TO CARRY THE DEBTORS' BURDEN OF REBUTTING PLS'S APPRAISAL VALUATIONS PROVING LACK OF ADEQUATE PROTECTION AND LACK OF EQUITY IN THE PROPERTIES

The Court has before it two PLS motions in which PLS seeks to preserve and protect its investors' over $13 million loan secured by the Debtors' two real properties. PLS has moved for relief from stay under 11 U.S.C. § 362(d)(1), (d)(2) and (d)(3) and PLS has moved to dismiss Debtors' cases under 11 U.S.C. § 1112(b) so that PLS can protect its investors' interest in collateral worth no more than $13,250,00 and which is subject to $2,750,00 in senior liens and taxes.

The Court first heard PLS's motion for relief on August 11, 2020 and next heard the dismissal motion on August 19, 2020. At both preliminary hearings, the Court recognized that the determinative issue in both motions is the value of the real property owned by the Debtors. In the Continuance Order, the Court states:

> The argument that Debtors be given an opportunity to shore up the evidence of value makes sense in view of the determination that I have to make. The disposition of this case appears to depend largely on a determination of the value of the Property as this affects Debtors' equity, Movant's adequate protection, and the prospects of a sale as envisioned by the now filed plan. Without this information, I am flying blind.
> Movant's appraisal is contested by Debtors, as is the amount of its claim. Given the seriousness of the disputes here and, frankly, the yawning gap in values, it is not possible to conclude at this juncture that Movant is correct in its valuation. Debtors have filed a plan that contemplates a sale at a very different value. Given the posture of the case, I conclude Debtors have met their obligation of showing a reasonable likelihood of prevailing. ***Having said that, the valuation appears critical and Debtors should be mindful that a conclusion of value may be case-determinative.***

Continuance Order, ECF # 81 at 5:12-23 (emphasis added).

Thus, the Court generously gave the Debtors an additional five (5) weeks to present competent valuation evidence or otherwise rebut PLS's $13,250,000 licensed appraisal valuations in the Hart Declaration. During that five (5) week delay, PLS's investors accrued yet another

$135,000 in interest plus late fees and costs. Disappointingly, the Court is still "flying blind" because the Debtors have done nothing more than file restated declarations by LLC member Melvin Vaughn ("Vaughn") and broker Phil Chen ("Chen"). Notwithstanding the Court's admonition that "valuation appears critical and Debtors should be mindful that a conclusion of value may be case-determinative" the Debtors still fail to offer any competent appraisal evidence and instead offer multiple excuses for not doing so. ***Debtors' excuses do not provide adequate protection or an equity cushion to protect PLS's investors and the Court must grant one or both of PLS's motions forthwith so that PLS may protect its substantial interest in its collateral.***

PLS continues its objection to the evidentiary admission of the Chen declaration as expert testimony to prove value. The trial judge must act as the gatekeeper for expert testimony by carefully applying Federal Rule of Evidence ("FRE") 702 to ensure specialized and technical evidence is "not only relevant, but reliable." Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579, 589 & n. 7 (1993); *accord* Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (observing that *Daubert* imposes a special "gatekeeping obligation" on the trial judge). An expert witness may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The proponent of the evidence bears the burden of proving that the expert's testimony satisfies FRE 702. Cooper v. Brown, 510 F.3d 870, 880 (9th Cir. 2007).

Here, Debtors' opposition utterly fails to establish that the three critical standards are met for the admission of expert valuation testimony. *See* Federal Rules of Evidence 104, 602, 701, 702, 703; Donoway v. Tucker (In re Donoway), 139 B.R. 156, 157 (Bankr. D. Md. 1992) ("Real estate brokers and agents without specialized training in real estate appraising are not qualified to testify as to their opinions regarding fair market value"). Here, Chen offers no foundation showing specialized training in real estate appraising, that the testimony is based upon sufficient facts or data, that any generally recognized appraisal principles were followed and that the opinion is the product of those methods. *See* http://www.uspap.org/ (Uniform Standards of Professional Appraisal Practice).

In its Continuance Order the Court cites In re Morse, 2018 WL 6721090, *6 (Bankr. N.D. N.Y. December 20, 2018) for the proposition that "the Court should not categorically reject a broker's opinion of value . . . [a]s an evidentiary matter, . . . it comes down to the weight to assign to such testimony and opinion." Morse relies upon the Pichardo decision in recognizing that:

> an assessment of the fair market value of a real estate parcel by an appraiser carries greater weight than that of a real estate broker who does not have the same specialized training. While a broker relies upon his sales experience, a broker is not instructed in his or her valuation opinion by the industry standards and uniform guidelines to which a competent appraiser must adhere in preparing an appraisal and rendering an opinion of value.

In re Pichardo, 2013 Bankr. LEXIS 1325, at *11 (Bankr. D. R.I. Apr. 3, 2013).

Thus, even under the reasoning of Morse which does not categorically bar the admission of a broker's opinion of value, the Debtors have not carried their burden of proof herein because the valuation offered by PLS in the Hart Declaration carries greater weight than the Debtors' valuations. Debtors have also not identified any irregularities or inaccuracies that would lessen the weight to be granted the Hart Declaration as professional appraisal testimony by a licensed appraiser. Id. at 13 ("If, for example, a licensed appraiser's appraisal contains material irregularities or inaccuracies, it should be afforded less weight than that of a broker.").

Chen and Vaughn also suffer from a conflict of interest in offering valuation testimony as each has an interest in the outcome of their valuation opinion. Chen is not a disinterested third party broker that provided a valuation opinion. Instead, he has a direct financial stake in selling the properties as the estate's broker and is offering his valuation to preserve his listing opportunity. See ECF #s 53-59. Vaughn also has a direct financial stake in overvaluing the properties based on his equity interest in the estates. These financial interests are disqualifying. "Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system." Hewlett-Packard Co. v. EMC Corp., 330 F. Supp. 2d 1087, 1092 (N.D. Cal. Aug. 10, 2004). Allowing witnesses with a direct financial stake in their testimony to opine on valuation should result in disqualification to protect the integrity of the adversary process.

For all these reasons, the Debtors have failed to carry their burden of rebutting PLS's valuation testimony proving the real properties do not exceed $13,250,000 in value. Based upon senior liens as identified in the motion and the accrued status of PLS's loan, PLS lacks adequate protection, Debtors have no equity and relief from stay should be granted under 11 U.S.C. § 362(d)(1), (d)(2) and (d)(3).

## II.
## DEBTORS' UNADJUDICATED AND FACILE OBJECTION TO CLAIM DOES NOT UNDERMINE THE OVER $13 MILLION TOTAL TO PLS'S CLAIM; EVEN IF TRUE, PLS STILL LACKS ADEQUATE PROTECTION AND DEBTORS HAVE NO EQUITY IN THE PROPERTIES

On September 1, 2020, in a further attempt to muddy the record based on procedural obfuscation, Debtors filed an unsubstantiated objection to PLS's claim contending that the approximately $13,300,000 claim should be reduced by almost $2 million to $11,338,000. The argument is so lacking in credibility that the Court should immediately become suspect of the Debtors' good faith in these proceedings. However, even if the objection to claim is assumed correct (which it clearly is not), PLS still lacks adequate protection and Debtors still lack equity in the properties due to the $2.5 million senior Blanchard lien and $275,000 in property taxes based on the only creditable valuation evidence of $13,250,000.

Notwithstanding the foregoing, PLS can quickly establish the meritless nature of Debtors' objection to claim based on very simple calculations of accrued interest and late fees:

1. Undisputed principal balance: **$10,937,000**. Debtors paid the loan through 6/30/19, although default interest based on defaulted payments commenced 2/1/19;
2. 10% interest 8/1/19 to 9/22/20: **$1,275,812.17**;
3. Late charges 10% on installments due 12/1/18 to 9/1/20: **$205,071.59**;
4. Default interest + 5% 2/1/19 to 9/1/20: **$820,274.94**;
5. Additional late fees on default interest: **$86,584.52**;
6. Misc. charges foreclosure trustee and attorney's fees: **$103,000**.

Debtors offer no substantive dispute to the foregoing accruals and do not challenge PLS's entitlement to default interest per the PLS note. Even ignoring all charges for foreclosure trustee and attorney's fees, the loan accruals still exceed $13 million. Debtors' objection to claim is meritless.

### III.

### CONCLUSION

For all the reasons set forth above, PLS respectfully requests entry of an order granting relief from stay under 11 U.S.C. § 362(d)(1), (d)(2) and (d)(3) and dismissing Debtors' cases under 11 U.S.C. § 1112(b).

Dated: September 22, 2020

**Lewis R. Landau**
**Attorney-at-Law**

By:/s/ *Lewis R. Landau*
Lewis R. Landau
Attorneys for Movant

# DECLARATION OF SCOT FINE

I, Scot Fine, do hereby declare:

1. I am the Chief Executive Officer of Platinum Loan Servicing, Inc. ("PLS") and have personal knowledge of the facts set forth herein.

2. PLS is the contractual loan servicer for S & R Income Fund I, LP as to an undivided 40.569% interest and S & R Income Fund II, LP as to an undivided 22.401% interest and RDG Lender Services, LLC, as to an undivided 9.600% interest and PLC Investment Group, LLC, a California limited liability company as to an undivided 9.143% interest and Julian Maimin and Stacey Maimin, Trustees, of the Julian Maimin & Stacey Maimin Revocable Trust U/A 12/1/10 as to an undivided 6.857% interest and Judi Beth Kaplan, Trustee of the Judi Beth Kaplan Living Trust dated November 29, 2006 as to an undivided 4.572% interest and William H. Scripps and Kathryn A. Scripps Trustees, of the Scripps Family 1992 Revocable Trust U/A 6-9-92 as to an undivided 4.572% interest and Lauren Dromy, Trustee, of The Israel Maimin 2010 Granter Trust FBO Lauren Dromy U/A 12/1/10 as to an undivided 2.286% interest (hereinafter "Lenders") under the March 29, 2018 Note Secured by Deed of Trust executed by FRE 355, LLC ("Note"). The Note is secured by a first priority deed of trust on the FRE 355 real property and a second priority deed of trust on the Mora House real property.

3. I am readily familiar with PLS's books and records for servicing the Note. The total amount due on the Lenders' loan as of September 22, 2020 is at least **$13,427,741** with interest accruing at the rate of $4,571.30 per day thereafter and additional costs. The following accurately states the amounts accruing and due for the subject time periods:

   a. Undisputed principal balance: **$10,937,000**. The Note was paid through 6/30/19, although default interest based on defaulted payments commenced 2/1/19;

   b. 10% interest 8/1/19 to 9/22/20: **$1,275,812.17**;

   c. Late charges 10% on 22 installments due 12/1/18 to 9/1/20: **$205,071.59**;

   d. Default interest + 5% 2/1/19 to 9/1/20: **$820,274.94**;

   e. Additional late fees on default interest installment: **$86,584.52**;

f. Misc. charges foreclosure trustee and attorney's fees: **$103,000**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of September 2020 at Los Angeles, California.



Scot Fine

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, California. I am over the age of eighteen (18) years and not a party to the within entitled cause, my business address is 22287 Mulholland Hwy., # 318, Calabasas, CA 91302.

On September 22, 2020 I served a true and correct copy of the following documents:

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY; EVIDENTIARY OBJECTIONS**

by effecting electronic delivery upon such persons that have agreed to accept service through the Court's CM/ECF electronic noticing system as follows:

Bernard S. Greenfield on behalf of Creditor Richard Blanchard
bgreenfield@greenfieldlaw.com, ckaefer@greenfieldlaw.com
Robert G. Harris on behalf of Debtor FRE 355 Investment Group, LLC
rob@bindermalter.com
Lewis R. Landau on behalf of Creditor Platinum Loan Servicing, Inc.
lew@landaunet.com
Michael W. Malter on behalf of Debtor FRE 355 Investment Group, LLC
michael@bindermalter.com
Office of the U.S. Trustee / SJ
USTPRegion17.SJ.ECF@usdoj.gov
Suhey Ramirez on behalf of U.S. Trustee Office of the U.S. Trustee / SJ
suhey.ramirez@usdoj.gov, Patti.Vargas@UST.DOJ.GOV
Julie H. Rome-Banks on behalf of Debtor FRE 355 Investment Group, LLC
julie@bindermalter.com
Jennifer C. Wong on behalf of Creditor Wells Fargo Bank, N.A.
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of September 2020 at Los Angeles, California.

*/s/ Lewis R. Landau*
Lewis R. Landau