Entered on Docket
November 23, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: November 23, 2020

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**FRE 355 INVESTMENT GROUP, LLC,**<br><br>                Debtor.<br>_____<br>In re<br><br>**MORA HOUSE, LLC,**<br><br>                Debtor. | Case No. 20-50628 SLJ<br>Chapter 11<br><br>*Jointly Administered*<br><br><br>Case No. 20-50631 SLJ<br>Chapter 11<br><br><br>Date: September 29, 2020<br>Time: 1:30 p.m.<br>Ctrm: 9 |

## ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASES

Platinum Loan Servicing Inc.'s ("PLS") Motion to Dismiss Chapter 11 Cases ("Motion") came on for hearing at the above-referenced date and time. Appearances were noted on the record. After hearing arguments from counsel, the court took the matter under submission. For the reasons stated below, the court grants the Motion.

## I. BACKGROUND

FRE 355 Investment Group, LLC, owns real property located at 10718 Mora Drive, Los Altos, California ("Mora House"), and Mora House, LLC, owns an undeveloped real property in Los Altos, California, identified as APN #331-14-067 ("Mora Lot") adjacent to Mora House (collectively, the "Properties"). According to the schedules, Mora House has a value of $14,999,999, and Mora Lot has a value of $4,000,000. PLS holds the first deed of trust against Mora House, which is cross-collateralized by a junior deed of trust against Mora Lot. It filed a proof of claim for $13,264,318.71. The Richard and Esther Blanchard Trust holds the senior deed of trust against Mora Lot and filed a proof of claim in the amount of $2,441,803.28. The County of Santa Clara filed a proof of claim for $255,298.22 for delinquent real property taxes as to Mora House and $116,837.60 as to Mora Lot. Both cases are designated as Single Asset Real Estate cases in the petitions, and they are jointly administered.

Debtors filed a plan of reorganization within 90 days of the petition date. The plan is premised on a sale of Mora House and Mora Lot, either together for $17,500,000 or separately for $14,999,999, and $3,500,000, respectively, within 6 months of the Effective Date, as defined in the plan, or within 12 months of the Effective Date if certain conditions are met. In the meantime, no payments will be made to secured creditors.

Concurrently with this Motion, PLS also filed a Motion for Relief from Stay under 11 U.S.C. § 362(d)(1), (2), and (3). In the Order Granting Motion for Relief from Stay ("RFS Order"), entered on September 30, 2020, I granted relief from stay on all three grounds, finding that the Properties lack equity, PLS does not have any equity cushion in the Properties, and Debtors cannot confirm a plan within reasonable time because they have not shown they can meet the requirements for a negative amortization plan.

ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASES
2/5

## II. DISCUSSION[1]

Section 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment ... of a trustee or examiner is in the best interest of the creditors and the estate." Thus, if cause is present, the court must grant relief and determine whether dismissal, conversion, or appointment of a trustee or examiner is in the best interest of creditors and the estate. Once cause has been established, under § 1112(b)(2), the burden shifts to the party opposing conversion, dismissal, or appointment of a trustee or examiner.

"Cause" for dismissal is not defined in the Code; instead, the Code contains a non-exclusive list of examples of cause in § 1112(b)(4). In this case, PLS is moving under § 1112(b)(4)(A), which identifies "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" as cause.

Section 1112(b)(4) is often invoked by moving parties when a chapter 11 debtor's assets are swiftly being reduced. Foreclosure or relief from stay of the estate's only asset constitutes substantial loss to the estate. *In re Khan*, 2012 WL 2043074, at *5 (B.A.P. 9th Cir. June 6, 2012). As to the second element, "[t]he issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *Id.,* *6 (quotations and citations omitted). "Rehabilitation is a different and much more demanding standard than reorganization." *In re Hassen Imports P'ship*, 2013 WL 4428508, at *14 (B.A.P. 9th Cir. Aug. 19, 2013)(quotations and citations omitted).

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASES
3/5

Thus, allowing the major secured creditor to foreclose on debtor's one and only significant asset constitutes a classic cause for dismissal of a reorganization case. *In re Serron Investments, Inc.*, 2012 WL 2086501, at *5 (B.A.P. 9th Cir. June 8, 2012), *citing In re Jer/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 302 (Bankr. D.Del. 2011) (where chapter 11 debtor is not operating and sole asset is fully encumbered, dismissal under § 1112(b)(4) is mandatory); *see* Kenneth N. Klee, *One Size Fits All: Single Asset Real Estate Bankruptcy Cases*, 87 Cornell L.Rev. 1285, 1308 (September 2002) ("If ... the mortgage holder gets relief from the automatic stay and the right to foreclose on the property ... the Chapter 11 case is over.").

Because I had granted relief from stay to PLS, Debtors' ability to confirm a plan of reorganization is lost. It is highly unlikely that Debtors will be able to confirm a plan given the loss of the Properties. Moreover, as I have concluded in the RFS Order, Debtors have not established that they can meet the stringent requirements for confirmation of a negative amortization plan. Therefore, cause exists to dismiss or convert the case.

Once a party demonstrates that cause exists to convert or dismiss the case under § 1112(b), a court is required to dismiss or convert the case unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate...." 11 U.S.C. § 1112(b)(2). By its own terms, however, § 1112(b)(2) provides that the "unusual circumstances" exception does not apply if the cause for dismissal or conversion is a "substantial or continuing loss to or diminution of the estate," as set forth in § 1112(b)(4)(A).

I determine that dismissal is in the best interest of the creditors and the estate. Debtors have no assets other than the Properties, and conversion will not yield any distribution to unsecured creditors.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that the Motion is GRANTED and both jointly administered chapter 11 cases are DISMISSED.

**\*\*\* END OF ORDER \*\*\***

ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASES
4/5

**COURT SERVICE LIST**

[ECF recipients only]

ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASES
5/5